**In re James C. BAUGHMAN, Jr. and Catherine A. Baughman, Debtors.**

**CHAMPLIN PETROLEUM COMPANY, Diamond Shamrock Refining and Marketing Company and Triangle Refineries, Inc., Plaintiffs,**

v.

**James C. BAUGHMAN, Jr., Defendant.**

**Bankruptcy No. 84–05129–H3–4. Adv. No. 85–0368–H3.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

March 27, 1986.

Baker & Botts, Robert E. Goodman, Jr., Houston, Tex., for plaintiffs.

W.H. Jordan, Jr., P.C., W.H. Jordan, Jr., Houston, Tex., for debtors.

## DECISION AND ORDER ON MOTION FOR A DETERMINATION THAT CERTAIN DEBTS BE FOUND NON-DISCHARGEABLE, OR IN THE ALTERNATIVE, A DENIAL OF THE DEBTOR'S DISCHARGE

EDWARD J. RYAN, Bankruptcy Judge.

Before this court is the complaint of Champlin Petroleum Company ("Champlain"), Diamond Shamrock Refining and Marketing Company ("Diamond Shamrock"), and Triangle Refineries, Inc. ("Triangle"), against James C. Baughman, Jr., the defendant ("debtor") in an adversary proceeding, praying for a determination that certain debts be found nondischargeable, or in the alternative, a denial of debtor's discharge.

Plaintiffs allege that James C. Baughman, Jr.:

(i) provided plaintiffs with written personal financial statements, which were reasonably relied upon by plaintiffs to their detriment, and which were materially false and published by debtors with the intent to deceive;

(ii) prior to the filing of debtor's petition made certain transfers to friends and relatives for no consideration, with the intent to hinder, delay, or defraud creditors;

(iii) made certain misstatements and omissions on bankruptcy schedules and statement of affairs which constitute false oaths; and

(iv) was unable to give satisfactory explanations either at the Rule 2004 examination or at trial, regarding various loans, certain conveyances of property, and the disposition of proceeds from those conveyances.

The debtor is denied a discharge from his debts.

Accordingly, there is no need to address plaintiffs' claims of nondischargeability under § 523(a)(2)(B). In eo quod plus sit, semper inest et minus.

On October 4, 1984, debtor filed a petition seeking relief under Chapter 7 of the Bankruptcy Code. Concurrently with his petition, debtor filed his statement of affairs. The statement listed transfers of property to debtors' son-in-law and to a close business associate and friend of the debtor. Both transfers were made one day before debtor filed his petition. Debtor's petition and attachments, however, failed to list certain transfers of property which had been made to his children, i.e., two vehicles transferred to his daughters.

The transfers by debtor and his wife of their property, such as the land to debtor's friend and business partner, R. Wayne Mann, the land to John Lewis, debtor's son-in-law, and the car, jeep, and trailer given to the debtor's children, were all transfers made within one year of the debtors' petition. They were made with the intent to hinder, delay or defraud creditors within the meaning of Section 727(a)(2) of the Code.

Transfers to friends or relatives in circumstances such as those which surrounded the transfers made by the debtor in this case, carry with them a presumption of fraudulent intent, which the debtor is re-

quired to rebut. Debtor failed to overcome that presumption.

Mrs. Baughman did satisfactorily explain the circumstances surrounding the pre-petition transfer of a trailer to one of her daughters, but was unable to explain other pre-petition transfers by herself and the debtor.[1]

The trailer was kept on a tract of land in South Texas, but was abandoned when debtor and his wife lost their hunting lease on that land. Subsequently, the trailer suffered burst water pipes and broken windows which were never repaired. This neglect resulted in extensive damage to the interior. Because debtor and his wife lacked funds either to transport the heavily damaged trailer to Houston or repair it, the trailer was given to one of their daughters.

But neither debtor nor Mrs. Baughman satisfactorily explained the transfer of 1.6 acres of land adjacent to their homestead to R. Wayne Mann, a close friend and business associate of the debtor and his wife, one day before debtor filed his petition.

The property transferred was peculiar. It was U-shaped and was not fenced off from the one acre parcel, retained by the debtor and his wife. Brick walls abutting the debtor's home cut across Mr. Mann's property, dividing it.

Mrs. Baughman testified that the property was given to Mr. Mann as a result of Mr. Mann's assistance to the debtors in coping with their financial difficulties. On the other hand, the debtor stated in his deposition that the purpose of the transfer was to enable Mr. Mann to again be a neighbor of the debtors. The amorphous explanation for the transfer permits an inference of fraudulent transfer.

Debtor contends that Mr. Mann gave consideration for the transfer by assuming a pro rata share of the $400,000 mortgage for his 1.6 acres. However, debtors did not adduce any evidence at trial to support that contention. Debtors conceded that no document had been executed regarding the assumption by Mr. Mann of a portion of the note.

Such a transfer to a close friend and business associate without consideration, requires an inference of fraudulent intent.

The debtor was asked for, but failed to give satisfactory explanations of two other real estate transactions. Debtor was unable to explain the disposition of proceeds of a note received by him in connection with the sale of a ranch a few years earlier. Similarly, the debtor was unable to fully explain his transfer of an interest in real property to Dr. John Lewis, debtors' son-in-law, one day before debtor filed his petition.

Inasmuch as the issue of denial of discharge has been determined pursuant to § 727(a)(2) of the Code, it is not necessary for the court to reach a decision on the issues presented in plaintiffs' complaint bottomed on § 727(a)(4) and § 727(a)(5).

The objections are sustained. Discharge is denied. Let judgment enter accordingly.

---

**1.** Debtor was not available to explain the circumstances surrounding several important issues at trial. He was not present on the second day of trial, being engaged on more important business elsewhere.